Zheng Liu, Esq. (SBN: 229311)
zheng.liu@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
Telephone: 650.382.4546
Facsimile: 650.461.4433

Shelley Ivan, Esq.
Shelley.ivan@rimonlaw.com
100 Park Avenue 16th Floor
New York, NY 10017
Telephone: 332.600.4332
Fax: 212.363.0270

*Attorneys for Plaintiff* AKRURA PTE. LTD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKRURA PTE. LTD., a Singapore company, <br><br>            Plaintiff, <br><br> vs. <br><br> APERO TECHNOLOGIES GROUP, a Vietnam company, BEGAMOB GLOBAL, and TRUSTED TOOLS & UTILITIES APPS, <br><br>            Defendants. | Case No.:  2:23-cv-102 <br><br> **COMPLAINT FOR** <br><br> **(1)  FEDERAL COPYRIGHT INFRINGEMENT** <br><br> **(2)  FEDERAL UNFAIR COMPETITION** <br><br> **(3)  CALIFORNIA UNFAIR COMPETITION** <br><br> **(4)  UNJUST ENRICHMENT** <br><br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Akrura PTE. LTD. ("Plaintiff"), by and through its attorneys of record, alleges the following against Defendants, Apero Technologies Group, Begamob Global, and Trusted Tools & Utilities Apps (collectively, "Defendants") upon information and belief:

## THE PARTIES

1.      Plaintiff has its principal place of business at 7 One-North Gatgeway, #01-03, Singapore 138642.

2.      Plaintiff is the creator and copyright owner of the Blood Pressure mobile application ("BP App") and offers BP App on Google Play through the QR Code Scanner developer account.

3.      Plaintiff was founded and is currently managed by Mingyang Jiao.

4.      Defendant Apero Technologies Group ("Apero") has its principal place of business at 2 Le Van Thiem, Thanh Xuan, Hanoi, Vietnam, but Plaintiff was unable to verify this information.

5.      Apero has a website at https://apero.vn/ and uses the following email addresses: hr@apero.vn, haudt@apero.vn, and trustedapp.help@gmail.com, although at least one of these emails appears to be invalid, and Apero never responded to emails sent to any of its email addresses.

6.      Apero offers the infringing Blood Pressure Tracker mobile application ("BP Tracker App") on Google Play through its Apero Technologies Group developer account.

7.      Apero also offers at least two other infringing mobile applications on Google Play using other developer accounts, including:  (i) Blood Pressure Tracker App ("BP Begamob App") through defendant Begamob Global's

**COMPLAINT**

developer account; and (ii) Blood Pressure App: BP Monitor ("BP Monitor App") through defendant Trusted Tools & Utilities Apps' developer account.

8.    Upon information and belief, Defendant Begamob Global is a mobile application developer that offers mobile applications on Google Play and it is owned by or related to Apero.  Defendant Begamob Global has a website at http://www.begamob.com and uses the email address info@begamob.com. Plaintiff was unable to obtain information about the place of business for this Defendant.

9.    Upon information and belief, Defendant Tools & Utilities Apps is a mobile application developer that offers mobile applications on Google Play and it is owned by or related to Apero.  Defendant Tools & Utilities Apps does not appear to have a website but uses the email address liveroyalstudio.inc@gmail.com. Plaintiff was unable to obtain information about the place of business for this Defendant.

10.    At such times as Plaintiff learns more information about the identities and involvement of defendants Begamob Global and Trusted Tools & Utilities Apps, Plaintiff will amend this Complaint accordingly.

## JURISDICTION AND VENUE

11.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (action arising under an Act of Congress relating to copyrights).

12.    This action is brought under the Copyright Act of 1976, as amended (17. U.S.C. § 101 *et seq*.) and as applicable though the Berne Convention and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

13.    The Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a) in that they are related to the federal claims and arise from the same nucleus of operative facts.

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is the judicial district where:  (i) Defendants are conducting business and committing copyright infringement and other illegal acts, giving rise to the referenced claims; and (ii) Defendants are subject to personal jurisdiction.

15.    Defendants are not residents of the United States.  Therefore, pursuant to 28 § U.S.C. 1391(c)(3), Defendants may be sued in any judicial district, including this District.

16.    Defendants' infringing mobile applications are available throughout the United States.  Notably, after Plaintiff had launched its BP App and generated considerable user traffic and advertising income, Defendants surreptitiously launched the infringing BP Tracker App, Begamob App, and BP Monitor App ("Infringing Apps") using the same content as Plaintiff's product and targeting the same consumers.

17.    As a result, consumers in this District have been downloading Defendants' Infringing Apps, and Defendants have been compensated by the advertising income generated by Defendants' illegal activities.

18.    Defendants thus purposefully availed themselves of the benefits of this District.  And Defendants have wrongfully injured Plaintiff by soliciting and transacting their illegal business with the stolen copyrighted content in this District.

**COMPLAINT**

## <u>BACKGROUND FACTS</u>

19.     On November 17, 2021, Plaintiff released the BP App on Google Play and quickly started generating considerable user traffic and resulting advertising income.

20.     On July 24, 2022, Apero released the infringing BP Tracker App on Google Pay using the same content as on Plaintiff's BP App and targeting the same consumers on Google Play.

21.     On August 12, 2022, Plaintiff discovered the infringing BP Tracker App on Google Play.  After comparing the two mobile applications, Plaintiff determined that the infringing BP Tracker had copied the language and interface layout of the BP App.

22.     On August 17, 2022, Plaintiff submitted to Google a DMCA Takedown Request, which was assigned Case No. 1-5031000033050.  *See* **Exhibit A.** In the DMCA Takedown Request, Plaintiff explained that Apero had copied the BP App language word for word.  In support of its statement, Plaintiff submitted a side-by-side comparison of the two mobile applications clearly showing that Apero was using Plaintiff's content, including the language and the interface layout.  *See* **Exhibit A.**

23.     Google responded the same day stating that Plaintiff should attempt to resolve this issue with Apero.  *See* **Exhibit A**.

24.     On August 29, 2022, Plaintiff's attorney emailed Apero at hr@apero.vn and trustedapp.help@gmail.com, advising them that Apero's BP Tracker App infringed Plaintiff's BP App and asked them to change the infringing content.  Apero did not respond.  *See* **Exhibit B**.

25.    On August 30, 2022, after receiving a notification that the email address hr@apero.vn was invalid, Plaintiff's attorney resent the August 29, 2022 email to trustedapp.help@gmail.com.  Apero did not respond.  *See* **Exhibit B**.

26.    On September 23, 2022, after Plaintiff advised Google about its unsuccessful attempts to contact Apero, Google responded that it could not find the infringing BP Tracker App and later requested additional evidence.

27.    Plaintiff provided additional evidence, but Google asked Plaintiff to submit a new DMCA Takedown Request.

28.    Plaintiff then checked Apero's infringing BP Tracker App, which was substantially the same as before.

29.    On October 18, 2022, Plaintiff filed a second DMCA Takedown Request, which was assigned Case No. 9-1815000033310.  *See* **Exhibit C**. In that request, Plaintiff explained that Apero's BP Tracker App was still infringing Plaintiff's BP App, including the language and user interface layout. To support its statement, Plaintiff submitted a side-by-side comparison of the two mobile applications clearly showing that Apero was using Plaintiff's content.  *See* **Exhibit C**.

30.    On December 13, 2022, Google removed Apero's infringing BP Tracker App.

31.    On December 23, 2022, Google notified Plaintiff that Apero had submitted a counter notification, as described in 17 U.S.C. § 512(g).  Google also advised Plaintiff that Google would reinstate the infringing BP Tracking App unless Plaintiff filed a lawsuit or a claim of infringement against Apero with the U.S. Copyright Office Copyright Claims Board in 10 business days from the December 23, 2022 notice.  *See* **Exhibit D**.

32.    In response, Plaintiff retained counsel and proceeded to prepare to file its lawsuit against Apero.

33.    Notably, around the time when Google advised Plaintiff that they could not locate Apero's infringing material, Apero tellingly launched the infringing BP Begamob App and the BP Monitor App through Apero's developer accounts (defendants Begamob Global and Trusted Tools & Utilities Apps) on September 20, 2022 and September 26, 2022, respectively.  These two new products had largely the same infringing content as reported in Plaintiff's first and second DMCA Takedown Requests regarding Apero's BP Tracker App.

34.    A side-by-side comparison of Plaintiff's BP App and the BP Monitor App confirmed that defendant Trusted Tools & Utilities Apps had copied Plaintiff's content as the language used in the two products was identical. Plaintiff thus filed a DMCA Takedown Request on October 25, 2022.  *See* **Exhibit E**.

35.    Similarly, a side-by-side comparison of Plaintiff's BP App and the BP Begamob App confirmed that defendant Begamob Global had copied Plaintiff's content as the language used in the two products was identical. Plaintiff thus filed a DMCA Takedown Requests on December 1, 2022 (Case No. 2-7084000033674) and December 13, 2022 (Case No. 9-3832000033281), respectively.  *See* **Exhibit F**.

36.    Defendants' continuing offer of the Infringing Apps is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## FIRST CLAIM

### Copyright Infringement (17 U.S.C. §§ 106 et seq. and 501)

37.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1-36.

38.    Plaintiff is the creator and copyright owner of the BP App.

39.     Plaintiff's copyrighted BP App is not "United States work" pursuant to 17 U.S.C. § 101 and is not subject to the registration requirement under 17 U.S.C. § 411(a).

40.     Plaintiff's copyrighted BP App is available to Defendants on the internet, and Defendant have access to it.

41.     Defendants used the content of Plaintiff's BP App, including its language and interface layout, to create the BP Tracker App, the BP Begamob App, and the BP Utilities App.

42.     A side-by-side comparison of Plaintiff's BP App and Defendants' BP Tracker App shows that Defendants copied the content of Plaintiff's BP App and that the two products contain identical language excerpts and are substantially similar.  *See* **Exhibits A and C**.

43.     A side-by-side comparison of Plaintiff's BP App and Defendants' BP Utilities App shows that Defendants copied the content of Plaintiff's BP App and that the two products contain identical language excerpts and are substantially similar.  *See* **Exhibit E**.

44.     A side-by-side comparison of Plaintiff's BP App and Defendants' BP Begamob App shows that Defendants copied the content of Plaintiff's BP App and that the two products contain identical language excerpts and are substantially similar.  *See* **Exhibit F**.

45.     Plaintiff did not authorize Defendants to copy the content of the copyrighted BP App. Defendants thus unlawfully appropriated Plaintiff's protectable expression and created counterfeits from Plaintiff's valuable content.

46.     Defendants' infringing conduct violates 17 U.S.C. §§ 106(1)-(3), (5) and 17 U.S.C. § 501(a).

**COMPLAINT**

47.     Defendants damaged Plaintiff by intentionally copying Plaintiff's valuable content and using counterfeits to target the same consumers and tap into Plaintiff's previously generated user traffic and related advertising income.

48.     Defendants also damaged Plaintiff by offering its inferior counterfeit apps to Plaintiff's consumer base and causing a current and long-term reputational damage to Plaintiff.

49.     Although Plaintiff advised defendant Apero that Apero was infringing Plaintiff's copyrighted BP App, Apero disregarded Plaintiff's notice and continued to infringe. Apero's infringing activity was thus willful, intentional and purposeful.

50.     Defendants damaged Plaintiff in an amount to be determined at trial.

51.     Unless enjoined and restrained by the Court, Defendants' conduct is causing and will continue to cause Plaintiff irreparable injury that cannot be compensated by monetary damages. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's copyrighted work.

## SECOND CLAIM

### Unfair Competition (Lanham Act Sec. 43(a), 15 U.S.C. § 1125)

52.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-52.

53.     Defendants engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a) by offering on the internet the counterfeit versions of Plaintiff's original copyrighted BP App in a manner that is likely to cause and have caused confusion as to the origin, sponsorship and approval of such products.

54.     Unless enjoined and restrained by the Court, Defendants' conduct is causing and will continue to cause Plaintiff irreparable injury that cannot be compensated by monetary damages.  Plaintiff has no remedy at law.

55.     Plaintiff is entitled to recover three times Defendants' profits, any damages sustained by Plaintiff, and the cost of this action pursuant to 15 U.S.C. § 1117(a).

56.     Defendants' willful, delibeate and intentional infringement makes this case exceptional and entitles Plaintiff to reasonable attorneys' fees.

## THIRD CLAIM

**Unfair Competition (California Business & Professions Code § 17200 *et seq.*)**

57.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-56.

58.     Defendants have infringed Plaintiff's copyright by offering to the same consumers confusingly similar mobile applications.

59.     Defendants' acts are wrongful, knowing, willing and malicious.

60.     Defendants' acts consititute unfair competition under California law.

61.      Unless enjoined and restrained by the Court, Defendants' conduct is causing and will continue to cause Plaintiff irreparable injury that cannot be compensated by monetary damages.

62.     Defendants have acted with malice, oppression and fraud, as defined in California Civil Code § 3294.

63.     Defendants have acted with complete disregard to Plaintiff's rights and with the intent to cause injury to Plaintiff, warranting punitive damages in an amount appropriate to punish Defendants and defer others from engaging in similar wrongful conduct.

# FOURTH CLAIM

## Unjust Enrichment

64.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-63.

65.     As a result of Defendants' infringing activities against Plaintiff, Defendants have been unjustly enriched by tapping into Plaintiff's stream of income from the same consumer base and taking away from Plaintiff's revenue.

66.     There is no express contract between Plaintiff and Defendants that would allow Plaintiff to recover any damages.

67.     Defendant has retained the benefit of the unjust enrichment. Plaintiff is entitled to recover from the Defendants the amount by which Defendants were unjustly enriched, including profits and advantages that Defendants have gained as a result of their infringing conduct.

68.     Plaintiff is entitled to recover damages based on Defendants' unjust enrichment in an amount to be proven at trial.

# PRAYER FOR RELIEF

69.     Accordingly, Plaintiff prays for judgment against Defendants as follows:

a) A judgment in favor of Plaintiff against Defendants on all claims;

b) That pursuant to 17 U.S.C. § 502, the Court issue a preliminary and permanent injunction enjoining and restraining Defendants from offering Defendants' infringing mobile applications;

c) That the Court award Plaintiff damages sufficient to compensate Plaintiff for Defendants' wrongful conduct;

d) That pursuant to 15 U.S.C. § 1117(a), the Court award Plaintiff three times Defendants' profits, any damages sustained by Plaintiff, and the cost of this action;

e) That the Court award Plaintiff reasonable attorneys' fees;

f) That the Court award Plaintiff pre-judgement and post-judgment interest; and

g) That the Court award Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

70.    Plaintiff hereby demands a jury trial on all triable issues.

Dated: January 6, 2023                    **RIMON, P.C.**

                                          By: */s/ Zheng Liu*
                                              Zheng Liu (SBN: 229311)
                                              800 Oak Grove Avenue, Suite 250
                                              Menlo Park, CA 94025
                                              Telephone: 650.382.4546
                                              Fax: 650.461.4433
                                              Email: zheng.liu@rimonlaw.com

                                              Shelley Ivan
                                              (*pro hac vice* pending)
                                              100 Park Avenue 16th Floor
                                              New York, NY 10017
                                              Telephone: 332.600.4332
                                              Fax: 212.363.0270
                                              Email: shelley.ivan@rimonlaw.com

                                              *Attorneys for Plaintiff*
                                              AKRURA PTE. LTD.

11
**COMPLAINT**