UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  LA23CV00102-JLS (KSx) | Date: August 05, 2024 |
| Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT (Doc. 56)**

Before the Court is Plaintiff Akrura Pte. Ltd.'s Renewed Motion for Default Judgment against Defendants Begamob Global and Trusted Tools & Utilities Apps. (Mot., Doc. 56.)  Defendants have neither appeared nor responded.  Having taken the matter under submission, the Court GRANTS Akrura's Motion.

## I.   BACKGROUND

Plaintiff Akrura is a Singapore company that created and owns a copyright for the Blood Pressure mobile application ("Blood Pressure App").  (First Amended Complaint ("FAC") ¶¶ 1, 3, 30, Doc. 51; Ex. A to FAC, Doc. 51-1.)  Akrura alleges that on November 17, 2021, it released the Blood Pressure App on Google Play and quickly started generating considerable user traffic and related advertising income.  (FAC ¶ 21.) The majority of Akrura's revenue from the Blood Pressure App is attributed to downloads and traffic generated in the United States.  (Minyang Decl. ¶ 7, Doc. 49-7.)

Google Play is a U.S. company.  (Supp. Br. at 4, Doc. 49.)  Though Google Play offers its apps to consumers in multiple countries, U.S. consumers account for more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  LA23CV00102-JLS (KSx) | Date: August 05, 2024 |
| Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al. | |

downloads and traffic on Google Play than consumers of any other country, indicating that the U.S. offers the highest profit potential.  (FAC ¶ 17; Ex. 1 to Supp. Ivan Decl., Doc. 49-2.)  For a mobile application developer to launch an app on Google Play, that developer must sign the Google Play Developer Distribution Agreement ("Google Play Agreement"), under which the developer consents "to submit to the exclusive jurisdiction of the federal or state courts located within the county of Santa Clara, California to resolve any legal matter arising from or relating to this Agreement or Your relationship with Google."  (Ex. B to FAC ¶ 16.8, Doc. 51-2.)

Akrura alleges on information and belief that Defendant Begamob Global ("Begamob") is a mobile application developer operating from Singapore or Vietnam and that that Defendant Trusted Tools & Utilities Apps ("Tools") is a mobile application developer operating from an undetermined country in Asia.  (FAC ¶¶ 5–6, 8, 10.)  Nearly one year after Akrura launched the Blood Pressure App on Google Play, Tools and Begamob each launched similar mobile blood pressure applications (respectively the "Tools App" and the "Begamob App") on Google Play in September 2022.  (*Id*. ¶¶ 7, 11, 22.)  Akrura alleges that Begamob and Tools have received advertising income generated by their apps and that Begamob posted advertisements and marketing videos about the Begamob App on Facebook.  (*Id*. ¶ 19; Minyang Decl. ¶ 9.)

When Akrura discovered Defendants' apps it determined they had the same language and interface layout as Akrura's app.  (FAC ¶¶ 23, 34–35; Ex. C to FAC, Doc. 51-3; Ex. D to FAC, Doc. 51-4.)  Akrura has provided side-by-side product comparisons of the Blood Pressure App alongside the Begamob App and the Tools App, showing that both Defendants' apps are substantially similar and contain identical language to the Blood Pressure App.  (Ex. C to FAC; Ex. D to FAC.)

After Defendants launched their apps, Akrura's Blood Pressure App experienced a decrease in "app users from approximately 60,000 to 30,000" and "a decrease in daily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. LA23CV00102-JLS (KSx) | Date: August 05, 2024 |
| Title: Akrura Pte. Ltd. v. Apero Technologies Group et al. | |

downloads from approximately 30,000 to 3,000." (FAC ¶¶ 17, 19; Supp. Br. at 4; Ex. 2 to Supp. Ivan Decl., 49-3.) Akrura also experienced a 20% decrease in U.S. revenue. (Minyang Decl. ¶ 10.)

On October 25, 2022, Akrura filed a Takedown Request under the Digital Millenium Copyright Act ("DMCA") with Google regarding the Tools App. (FAC ¶¶ 24, 37.) On December 1, 2022, and December 13, 2022, Akrura filed a DMCA Takedown Request with Google regarding the Begamob App. (*Id*. ¶¶ 25, 37.) Although Google has removed the Tools App and Begamob App from Google Play, it will reinstate them unless Akrura obtains a court order enjoining the infringing activity. (*Id*. ¶ 26; *see* Ex. E to Ivan Decl., Doc. 46-3.)

On January 6, 2023, Akrura filed the instant lawsuit. It filed the First Amended Complaint on May 7, 2024, bringing claims for copyright infringement claim in violation of 17 U.S.C. §§ 106 and 501 and unjust enrichment and seeking a permanent injunction. (FAC ¶¶ 27–51.) Akrura subsequently filed proof of alternative service as to both Begamob and Tools. (Proof of Service, Doc. 52.) Neither Begamob nor Tools have appeared in this action. On May 23, 2024, the Clerk entered default as to Defendants Begamob and Tools. (Doc. 54.) On May 30, 2024, Akrura filed the instant Renewed Motion for Default Judgment ("MDJ").

## II. LEGAL STANDARD

When entering a default judgment, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Under Rule 55 of the Federal Rules of Civil Procedure, entering a default judgment is a two-step process. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  LA23CV00102-JLS (KSx) | Date: August 05, 2024 |
| Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al. | |

782 F.2d 1470, 1471 (9th Cir. 1986).  Prior to entry of a default judgment, there must be an entry of a default.  *See* Fed. R. Civ. P. 55.  Upon entry of a default, the factual allegations of the complaint, except for those relating to damages, are taken as true.  Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  However, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010).  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel*, 782 F.2d at 1471–72.

### III.  ANALYSIS

#### A.  Jurisdiction

##### 1.  Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Akrura's claim brought under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), which invokes federal question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LA23CV00102-JLS (KSx)                                   Date: August 05, 2024
Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al.

jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.").

### 2. Personal Jurisdiction

Because Akrura seeks to "invoke this Court's jurisdiction, [it] bears the burden of establishing that this Court has personal jurisdiction over Defendants." *Craigslist, Inc. v. Naturemarket, Inc*., 694 F. Supp. 2d 1039, 1052 (N.D. Cal. 2010).  In the context of a motion for default judgment, the plaintiff can satisfy this burden "with a prima facie showing" and "may rest [its] argument on [the] pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Mwani v. Bin Laden.,* 417 F.3d 1, 7 (D.C. Cir. 2005) (quotations omitted).  To make a prima facie showing "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Akrura contends the Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2).  Rule 4(k)(2) permits a federal court to exercise personal jurisdiction over a defendant based on that defendant's contacts with the United States if the plaintiff can prove: (1) plaintiff's claim arises under federal law; (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction comports with due process.  Fed. R. Civ. P. 4(k)(2); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).

Akrura has provided facts supporting the first two elements. The first element is satisfied because Akrura's copyright infringement claim arises under the federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LA23CV00102-JLS (KSx)                                      Date: August 05, 2024
Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al.

Copyright Act of 1976.  (FAC ¶¶ 13, 27–45.)  The second element is also satisfied because Akrura alleges no facts suggesting that either Begamob or Tools is subject to general jurisdiction in any state court.  Rather, Akrura alleges that neither Begamob nor Tools are residents of the United States.  (*Id*. ¶ 15.)  Akrura alleges on information or believe that Begamob operates from Singapore or Vietnam and that Tools operates from an undetermined location in Asia.  (*Id.* ¶¶ 5–6, 10.)  Additionally, neither Begamob nor Tools have appeared in this case or disputed personal jurisdiction.  *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ("[A]bsent any statement from [either defendant] that it is subject to the courts of general jurisdiction in another state, the second requirement of Rule 4(k)(2) is met.").

The third element—that this Court's exercise of personal jurisdiction is consistent with due process under the alleged facts—is also met.  "The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendant] and the forum state, we consider contacts with the nation as a whole."  *Holland*, 485 F.3d at 462.  The exercise of personal jurisdiction over a defendant comports with due process if a defendant has "minimum contacts" with the relevant forum such that the "assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach*, 453 F.3d at 1155 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).  In the context of tort claims, including the Copyright Act claim at issue here, a defendant has the requisite minimum contacts with the forum if: (1) the defendant "purposefully direct[s]" its activities at the forum, (2) the claim "arises out of or relates to the defendant's forum-related activities," and (3) the exercise of jurisdiction "comport[s] with fair play and substantial justice, *i.e.*, it [is] reasonable."  *See Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004).  "The plaintiff has the burden to show the first two prongs; the burden then shifts to the defendant to show application of jurisdiction would be unreasonable." *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1040 (9th Cir. 2022).  Here, neither Begamob nor Tools has appeared in this action, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LA23CV00102-JLS (KSx)                                           Date: August 05, 2024
Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al.

therefore, cannot meet their burden as to the third prong.  Moreover, the facts as alleged by Akrura and as outlined above easily demonstrate that Defendants purposefully directed their activities at the United States and that Akrura's claim arises out of Defendants' forum-related activities.  Accordingly, the Court has personal jurisdiction over Defendants.

### B.      Plaintiff has satisfied Local Rule 55-1

Akrura's Motion satisfies Local Rule 55-1.  *See* C.D. Cal. R. 55-1.  Akrura has included a declaration supporting its Motion stating that: (1) the Clerk entered default against Defendants on May 23, 2024 (Doc. 54); (2) the defaulting Defendants are not infants or incompetent persons; and (3) the Servicemembers Civil Relief Act does not apply.  (Lee Decl. ¶¶ 6, 8, 10, Doc. 56-2.)  Because Defendants have not appeared in this action, service of the Motion is not required.  C.D. Cal. R. 55-1; Fed. R. Civ. P. 55(b)(2).  The Court therefore finds that the requirements of Local Rule 55-1 have been satisfied.

### C.      *Eitel* Factors

#### 1.      Prejudice to the Plaintiff

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered."  *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010).  Prejudice can be shown if denying default judgment would leave a plaintiff without a remedy.  *Id*.; *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (finding that "[p]otential prejudice to Plaintiffs favors granting a default judgment" where denying the requested default judgment would leave plaintiffs "without other recourse for recovery.")  Here, absent an entry of default judgment, Akrura would have no other recourse to prevent the unauthorized copying and distribution of the Blood Pressure App's content to U.S. customers.  Akrura alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LA23CV00102-JLS (KSx)            Date: August 05, 2024
Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al.

"[a]lthough Google temporarily removed Defendants' infringing apps from Google Play, Google will inevitably reinstate those apps unless Akrura obtains a court order enjoining the infringing activity."  (FAC ¶ 26.)  Accordingly, this factor weighs in favor of default judgment.

### 2.       Merits of Claims and Sufficiency of Complaint

The second and third *Eitel* factors look at a plaintiff's likelihood of success on the merits, requiring it to "state a claim on which [it] may recover."  *See PepsiCo*, 238 F. Supp. 2d at 1175 (quotations omitted).  "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default."  *Bd. of Trustees of Sheet Metal Workers v. Moak*, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012).  "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Cathcart*, 2010 WL 1048829, at *4.  Moreover, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps*, 980 F.2d at 1267 (citing *Danning*, 572 F.2d at 1388).

Here, Akrura seeks default judgment as to its copyright infringement claim under the Copyright Act (17 U.S.C. §§ 106 et seq.).  (FAC ¶¶ 27–50.)  To prevail on a claim for copyright infringement, a plaintiff must allege "(1) ownership of the copyright by the plaintiff; and (2) copying by the defendant."  *Lamb v. Starks*, 949 F. Supp. 753, 756 (N.D. Cal. 1996); 17 U.S.C. § 501(a).  Akrura alleges ownership of the Blood Pressure App: Akrura alleges it created the Blood Pressure App and has provided evidence of its Copyright Certificate of Registration, Registration No. TX 9-220-420, issued by the U.S. Copyright Office under Title 17 of the United States Code, effective December 19, 2022, for the "Blood Pressure App –In-app text and information."  (FAC ¶ 3; Ex. A to FAC.)  Akrura also alleges copying by Defendants.  Akrura shows it launched its app nearly one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LA23CV00102-JLS (KSx)            Date: August 05, 2024
Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al.

year before Defendants launched their apps on Google Play and provides a side-by-side visual comparison of Akrura's Blood Pressure App with the Begamob App and the Tools App, showing that Defendants' apps contain the same language and interface as Akrura's Blood Pressure App.  (Ex. C to FAC; Ex. D to FAC.)  Akrura also alleges it did not authorize Defendants to copy its original work.  (FAC ¶ 36.)  Akrura's copyright infringement claim is well-pleaded, so this factor weighs in favor of entry of default judgment.[1]

### 3. Amount of Money at Issue

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo*, 238 F. Supp. 2d at 1176.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct."  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).  This factor favors default judgment because Akrura has decided to forego damages in favor of permanent injunctive relief.  *See PepsiCo*, 238 F. Supp. 2d at 1177 ("[Plaintiffs] seek only injunctive relief from the continued use of their trademarks on Defendant's counterfeit products.  Accordingly, this factor favors granting default judgment.").

### 4. The Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case."  *Craigslist,* 694 F. Supp. 2d at 1060.  "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote."  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp.

---

[1] Akrura also alleges an unjust enrichment claim in the FAC, but it does not address this claim in its Motion.  Accordingly, the Court does not enter default judgment as to this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  LA23CV00102-JLS (KSx)                              Date: August 05, 2024
Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al.

2d 1072, 1082 (C.D. Cal. 2012).  As discussed above, Akrura's copyright claim is well-pleaded.  Thus, a dispute concerning material facts is unlikely, and this factor weighs in favor of default judgment.

### 5. The Possibility of Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177.  This factor favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit.  *Id*. (concluding that this factor favored default judgment where Defendant was properly served and contacted Plaintiffs' counsel to discuss the matter); *Craiglist*, 694 F. Supp. 2d at 1061 ("Plaintiff has proffered evidence showing Defendants were clearly aware of the pending litigation.").

Here, Akrura has submitted proof of alternative service pursuant to the Court's order, which permitted Akrura to use valid, active email addresses for Defendants Begamob and Tools.  (*See* Order Granting Alternative Service, Doc. 24; Lee Decl. ¶ 11.)  Akrura has also presented evidence that Begamob and Tools both responded to the copyright removal requests Akrura submitted to Google—Begamob sent an email directly to Akrura and Tools sent a counter notice directly to Google.  (Exs. C–E to Ivan Decl., Doc. 46-3.)  This evidence that Defendants were served and were aware of the lawsuit favors default judgment.

### 6. Policy Favoring Decisions on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craiglist*, 694 F. Supp. 2d at 1061.  Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d. at 1472, "termination of a case before hearing the merits is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  LA23CV00102-JLS (KSx) | Date: August 05, 2024 |
| Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al. | |

allowed whenever a defendant fails to defend an action." *PepsiCo*, 238 F. Supp. 2d at 1177.  Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate. *Id*.  Here, Defendants failed to appear and respond.  This factor therefore favors entry of default judgment.

In sum, the *Eitel* factors favor entry of default judgment.

### IV.   REMEDIES

####    A.   Permanent Injunction

Akrura requests a permanent injunction against both Defendants to enjoin them "from offering their infringing mobile applications." (FAC ¶ 51(b).)  "Under 17 U.S.C. § 502(a), this Court is empowered to grant a permanent injunction 'as it may deem reasonable to prevent or restrain infringement of a copyright.'" *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1208 (C.D. Cal. 2007) (quoting 17 U.S.C. § 502(a)).  "An injunction against further infringement and even infringement of future works is permitted, and it is appropriate to grant an injunction on an application for default judgment." *Sony BMG Music Ent. v. Cody*, 2009 WL 3650923, at *6 (E.D. Cal. Oct. 27, 2009); *see Warner Bros. Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (granting permanent injunction after entry of default judgment in a copyright action).  For the Court to grant a permanent injunction, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LA23CV00102-JLS (KSx)            Date: August 05, 2024
Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al.

     Akrura alleges Defendants' conduct has caused, and will continue to cause, Akrura irreparable injury that cannot be compensated by monetary damages.  (FAC ¶ 45.)  Akrura alleges "Defendants . . . damaged Plaintiff by offering their inferior counterfeits to Plaintiff's U.S. consumer base, causing a current and long-term reputational damage to Plaintiff," (FAC ¶ 42), "and destroying its value in the U.S.," (Supp. Br. at 5).  Further, Akrura alleges that, although Google has removed the Tools App and Begamob App from Google Play, it will reinstate them unless Akrura obtains a court order enjoining the infringing activity.  (FAC ¶ 26; *see* Ex. E to Ivan Decl., Doc. 46-3.)  Additionally, Defendants' failure to appear in this case is evidence of a threat of future infringement.  *See Warner Bros.*, 364 F. Supp. 2d at 1073.

     The balance of hardships also weighs in Akrura's favor.  First, enjoining defendants from infringing Akrura's copyright will not present a hardship to Defendants.  *Chanel, Inc. v. Fu*, 2017 WL 1079544, at *4 (N.D. Cal. Mar. 22, 2017) ("As for the balance of hardships, that tips strongly in [plaintiff's] favor because [defendant] does not have a cognizable hardship if [it] is simply unable to sell counterfeit, infringing goods."); *see Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th Cir. 1997) ("In this circuit . . . a defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it when properly forced to desist from its infringing activities." (quotations omitted)).

     Finally, an injunction is in the public interest because it "would ensure that the public will continue to benefit from the creative fruits of [plaintiff's] labor."  *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009); *see Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984) ("[T]he primary object in [Congress] conferring the [copyright] monopoly lie in the general benefits derived by the public from the labors of authors." (quotations omitted)).  Accordingly, a permanent injunction is here appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  LA23CV00102-JLS (KSx) | Date: August 05, 2024 |
| Title:  Akrura Pte. Ltd. v. Apero Technologies Group et al. | |

Defendants and all of their agents and representatives, and any other persons and entities acting on Defendants' behalf or with them, are permanently enjoined and restrained from (1) using the Blood Pressure App or any of the infringing images, language and interface layouts, as described in the FAC and attached exhibits; (2) using mobile applications, images, language or interface layouts, which are substantially similar to the Blood Pressure App or its images, language and interface layout, as described in the FAC and attached exhibits; (3) committing any acts intended to cause consumers to believe that Defendants' mobile applications are offered for download or sold under Akrura's control, authorization, or approval; and (4) creating, providing or offering for download or sale any mobile applications substantially similar to the Blood Pressure App.  Defendants shall, within ten (10) business days after receipt of the Final Judgment, remove all of its infringing mobile applications and other infringing content from any online platform.  If Defendants fail to comply within ten days, third-party providers are authorized to remove Defendants' infringing apps.

## V.     **CONCLUSION**

For the above reasons, the Motion for Default Judgment is GRANTED. Akrura is ORDERED to submit to the Court, no later than **five days** from the date of this Order, a proposed judgment that is consistent with the terms of this Order.

Initials of Deputy Clerk: cr